UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELENA AFANASYEVA,<br><br>            Plaintiff,<br><br>    v.<br><br>CATS ON THE BAY, INC. D/B/A CATS CAFE, along with any other affiliated entities, Jointly and Severally,<br><br>            Defendant. | ECF CASE<br><br>No.:_____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.    Plaintiff Elena Afanasyeva ("Plaintiff Afanasyeva") worked as a cleaner for Defendant Cats on the Bay, Inc. d/b/a Cats Café ("Defendant" or "Cats Café") from on or about April 30, 2018 to February 28, 2019.[1]

2.    Plaintiff Afanasyeva alleges Defendant willfully violated the New York Labor Law (the "Labor Law) by (i) failing to pay the minimum wage, (ii) failing to pay overtime, (iii) failing to pay spread-of-hours pay, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.    Plaintiff Afanasyeva alleges Defendant willfully violated the Fair Labor Standards Act ("FLSA") by (i) failing to pay the minimum wage, and (ii) failing to pay overtime.

4.    Plaintiff Afanasyeva further alleges Labor Law and FLSA retaliation claims.

---

[1] All date ranges and times in the Complaint are based on Plaintiff's memory and good faith, best estimates.

## JURISDICTION AND VENUE

5.	This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337, and 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

6.	Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

7.	This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.	Plaintiff Afanasyeva was, at all relevant times, a resident of Brooklyn, New York.

9.	Upon information and belief, Defendant is a domestic business corporation, organized and existing under the laws of the State of New York with its principal place of business at 2027 Emmons Avenue, Brooklyn, New York 11235.

10.	Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include cleaning products, food and beverages.

11.	Defendant had control over Plaintiff Afanasyeva's working conditions and over the unlawful policies and practices alleged in this Complaint.

12.	Defendant is a covered employer within the meaning of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Afanasyeva.

STATEMENT OF FACTS

13. Cats Café is a restaurant located at 2027 Emmons Avenue, Brooklyn, New York 11235.

14. Upon information and belief, Defendant employs eleven or more employees.

Duties Performed and Hours Worked[2]

15. Defendant employed Plaintiff Afanasyeva as a cleaner from April 30, 2018 to February 28, 2019, when she was unlawfully terminated. She, in this capacity, was responsible for cleaning the restaurant's lower and upper levels, bathrooms, and at certain times was required to perform deep cleaning of the kitchen.

16. Throughout Plaintiff Afanasyeva's employment with Defendant, she regularly worked in excess of 40 hours per week.

17. From April 30, 2018 to June 6, 2018, while the restaurant was being renovated but before it reopened, Plaintiff Afanasyeva typically worked from 9:00 a.m. to 5:00 p.m., with a 30-minute lunch break, five days per week, totaling 37.50 hours per week.

18. She, during this time period, was responsible for cleaning the restaurant.

19. From June 7, 2018 to November 5, 2019, Plaintiff Afanasyeva worked seven days a week, typically from 8:00 a.m. to 4:00 p.m., with a 30-minute lunch break, and then from 8:00 p.m. to 2:00 a.m., on Tuesdays, Wednesdays and Thursdays, and from 8:00 a.m. to 3:00 a.m., on Fridays, Saturdays, Sundays and Mondays, equaling 13.5 to 14.5-hour days and 98.5 hours per week. On at least one occasion, Defendant required Plaintiff Afanasyeva to work past her usual departure time, which resulted in her working till 5:00 a.m., increasing the total hours to 100.5 hours per week.

---

[2] These subject lines are included only for organizational purposes.

20. From November 6, 2018 to February 1, 2019, Plaintiff Afanasyeva typically worked from 8:00 a.m. to 4:00 p.m., with a 30-minute lunch break, seven days a week and additionally, on Fridays and Saturdays, she worked from 8:00 p.m. to 2:00 a.m., equaling 7.5 to 13.5 hour days and 64.5 hours per week.

21. From February 2, 2019 to February 28, 2019, Plaintiff Afanasyeva typically worked from 8:00 a.m. to 4:00 p.m., minus a 30-minute lunch break, four days per week from Thursday to Sunday. In addition, in February 2019, Plaintiff Afanasyeva also worked approximately 2 times on Fridays and 4 times on Saturdays, working as a dishwasher from 8:00 p.m. until 12:00 a.m. Furthermore, for approximately 11 days in February, 2-3 days a week, on Mondays, Tuesdays and/or Wednesdays, on the days that the restaurant was closed during the day and sometimes during the evening, she worked 6 hours a day in the kitchen, washing dishes and cleaning the kitchen. In February 2019, Plaintiff Afanasyeva accordingly worked 6 to 7 days a week and 42 to 56 hours in total.

22. Plaintiff Afanasyeva was not required to keep track of her time, nor to her knowledge, did Defendant utilize any time tracking device, such as punch cards.

<u>Salary, Overtime, Spread-of-Hours Pay</u>

23. Throughout her employment, Defendant paid Plaintiff Afanasyeva her wages in cash.

24. From April 30, 2018 to May 14, 2018, Defendant paid Plaintiff Afanasyeva a fixed daily salary of $80.00.

25. From May 15, 2018 to June 6, 2018, Defendant paid Plaintiff Afanasyeva a fixed daily salary of $60.00.

26. From June 7, 2018 to November 5, 2018, Defendant paid Plaintiff Afanasyeva a

fixed daily salary of $35.00.

27. From November 6, 2018 to February 28, 2019, Defendant paid Plaintiff Afanasyeva a fixed daily salary of $20.00.

28. Additionally, Defendant paid Plaintiff Afanasyeva $20 per day when she worked as a dishwasher on Fridays and Saturdays in February 2019.

29. Defendant also paid Plaintiff Afanasyeva $220.00 for the 11 days that she worked in the kitchen in February 2019, equaling to $20 per day.

30. Plaintiff Afanasyeva's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

31. Defendant was not permitted to pay Plaintiff Afanasyeva a fixed daily salary.

32. Defendant failed to pay Plaintiff Afanasyeva the federal and state minimum wage because her average hourly rate fell below the federal and state minimum wage:

| Dates | Average Hours Worked Per Week | Weekly Earnings | Average Hourly Rate | FLSA Minimum Wage[3] | NYLL Minimum Wage[4] |
|---|---|---|---|---|---|
| 04/30/18-05/14/18 | 37.5 | $400 | $10.66 ($400/37.50) | $7.25 | $13.00 |
| 05/15/18-06/06/18 | 37.5 | $300 | $8.00 ($300/37.5) | $7.25 | $13.00 |
| 06/07/18-11/05/18 | 98.5 | $245 | $2.48 ($245/98.5) | $7.25 | $13.00 |
| 11/06/18-12/30/18 | 64.5 | $140 | $2.17 ($140/64.5) | $7.25 | $13.00 |
| 12/31/18-02/01/19 | 64.5 | $140 | $2.17 ($140/64.5) | $7.25 | $15.00 |
| 02/02/19-02/28/19 | 49 | $150 | $3.06 ($150/49) | $7.25 | $15.00 |

---

[3] https://www.dol.gov/whd/minwage/coverage.htm (last visited June 3, 2019).
[4] https://labor.ny.gov/workerprotection/laborstandards/workprot/minwage.shtm (last visited June 3, 2019)

33. By paying Plaintiff Afanasyeva a fixed daily salary, Defendant failed to pay her any overtime compensation.

34. Because Defendant paid Plaintiff Afanasyeva a fixed daily salary, her effective hourly rate is determined by dividing her weekly earnings by the lesser of 40 hours or the actual number of hours worked per week.[5]

| Relevant Date Ranges | Average Hours Worked Per Week | Weekly Earnings | Effective Hourly Rate | Effective Overtime Rate |
|---|---|---|---|---|
| 04/30/18-05/14/18 | 35 | $400 | $11.43 | $17.15 |
| 05/15/18-06/06/18 | 35 | $300 | $8.57 | $12.86 |
| 06/07/18-11/05/18 | 99.5 | $245 | $6.13 | $3.69 |
| 11/06/18-12/30/18 | 64.5 | $140 | $3.50 | $5.25 |
| 12/31/18-02/01/19 | 64.5 | $140 | $3.50 | $5.25 |
| 02/02/19-02/28/19 | 45 | $120 to $140 | $3.00-$3.50 | $4.50-$5.25 |

35. Her effective hourly rate, however, must be at least the minimum wage.[6]

36. For the days that she was scheduled to and worked more than 10 hours in a day, Defendant did not pay Plaintiff Afanasyeva spread-of-hours pay: an extra hour at the statutory minimum wage.

Labor Law Notice Violations

37. Defendant did not provide Plaintiff Afanasyeva the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point during her employment.

---

[5] 12 N.Y.C.R.R. § 146-3.5
[6] 12 N.Y.C.R.R. § 146-1.1

38. Defendant did not provide Plaintiff Afanasyeva with a wage statement with each payment of wages as required by N.Y. Lab. Law § 195.3.

Retaliation

39. Throughout her employment, Plaintiff Afanasyeva complained to Defendant's managers/owners, including Oleg [last name unknown], Yasha [last name unknown] and Volodia [last name unknown], that she was not being paid properly and in accordance with the law.

40. Plaintiff Afanasyeva regularly requested that Defendant raise her pay and pay her by check and provide her with a W-2; Defendant refused.

41. On February 28, 2019, Defendant fired Plaintiff Afanasyeva for complaining about Defendant's unlawful pay practices.

42. After Defendant unlawfully terminated her, Plaintiff Afanasyeva became homeless.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA

43. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

44. Defendant employed Plaintiff Afanasyeva within the meaning of the FLSA.

45. Defendant knowingly failed to pay Plaintiff Afanasyeva the minimum wages to which she was entitled under the FLSA.

46. Defendant was required to pay Plaintiff Afanasyeva the full minimum wage rate for all hours worked.

47. Defendant failed to pay Plaintiff Afanasyeva at the minimum wage because it paid her a fixed daily salary and her average hourly rate fell below the minimum wage.

48. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

49. As a result of Defendant's FLSA violations, Plaintiff Afanasyeva has suffered

damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE FLSA

50. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

51. Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. Defendant was required to pay Plaintiff Afanasyeva no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

53. At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff Afanasyeva the proper overtime compensation for her hours worked in excess of 40 hours per workweek.

54. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

55. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff Afanasyeva's compensation.

56. Defendant has failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

## THIRD CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE NEW YORK LABOR LAW

57. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

58. Defendant is an employer under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Afanasyeva.

59. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiff Afanasyeva.

60. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff Afanasyeva the statutory minimum wage.

61. Defendant was required to pay Plaintiff at an hourly rate and was not permitted to pay Plaintiff a fixed daily salary. 12 N.Y.C.R.R. § 146-2.5.

62. Upon information and belief, Defendant failed to post, in a conspicuous place upon its premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

63. Defendant paid Plaintiff Afanasyeva below the statutory minimum wage.

64. Defendant failed to pay Plaintiff Afanasyeva at the minimum wage because it paid her a fixed daily salary and her average hourly rate fell below the minimum wage.

65. Defendant has willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Afanasyeva the minimum wage.

66. Due to Defendant's Labor Law Violations, Plaintiff Afanasyeva is entitled to recover from Defendant her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

67. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

68. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendant was required to pay Plaintiff Afanasyeva 1.5 times her regular rate of pay for all hours she worked in excess of 40 per workweek.

69. Defendant failed to pay Plaintiff Afanasyeva the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

70. Defendant willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Afanasyeva overtime.

71. Due to Defendant's Labor Law violations, Plaintiff Afanasyeva is entitled to recover from Defendant her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY SPREAD-OF-HOURS PAY

72. Plaintiff Afansyewa realleges every preceding allegation as if set forth fully herein.

73. Defendant willfully failed to pay Plaintiff Afansyewa one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Afansyewa's spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

74. Due to Defendant's Labor Law violations, Plaintiff Afanasyeva is entitled to

recover from Defendant her unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW

75. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

76. Defendant willfully failed to supply Plaintiff Afanasyeva with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within ten business days of their first employment date.

77. Due to Defendant's violations of N.Y. LAB. LAW § 195.1, Plaintiff Afanasyeva is entitled to recover from Defendant $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

## SEVENTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.3 WAGE STATEMENT UNDER THE NEW YORK LABOR LAW

78. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

79. Defendant willfully failed to supply Plaintiff Afanasyeva with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

80. Due to Defendant's violations of N.Y. Lab Law § 195.3, Plaintiff Afanasyeva is entitled to recover from Defendant $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## EIGHTH CAUSE OF ACTION
## RETALIATION UNDER THE FLSA

81. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

82. Plaintiff Afanasyeva is an employee under 29 U.S.C. § 215(a)(3).

83. Defendants is an employer under 29 U.S.C. § 215(a)(3).

84. Plaintiff Afanasyeva's complaints to Defendant about its failure to pay her in accordance with the law constitutes protected activity under the FLSA.

85. Defendant fired Plaintiff Afanasyeva for complaining about Defendant's failure to pay her in accordance with the law, violating 29 U.S.C. § 215(a)(3).

86. Due to Defendant's violations of the FLSA, Plaintiff Afanasyeva is entitled to recover from Defendant compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION
## RETALIATION UNDER THE LABOR LAW

87. Plaintiff Afanasyeva realleges every preceding allegation as if set forth fully herein.

88. Plaintiff Afanasyeva is an employee under N.Y. Lab. Law § 215.

89. Defendant is an employer under N.Y. Lab. Law § 215.

90. Plaintiff Afanasyeva's complaints about Defendant's failure to pay her in accordance with the law constitutes protected activity under the Labor Law.

91. Defendant fired Plaintiff Afanasyeva for complaining about its failure to pay her in accordance with the law, violating N.Y. Lab. Law § 215.

92. Due to Defendant's violations of the Labor Law, Plaintiff Afanasyeva is entitled to recover from Defendant punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Afanasyeva respectfully requests this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    b.    An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award for unpaid minimum wages under the Labor Law and the FLSA;

    d.    An award for unpaid overtime under the Labor Law and the FLSA;

    e.    An award for unpaid spread-of-hours pay under the Labor Law;

    f.    An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

    g.    An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

    h.    An award of liquidated damages as a result of Defendant's Labor Law violations;

    i.    An award of liquidated damages as a result of Defendant's willful FLSA violations;

    j.    An award of compensatory and punitive damages for Defendant's unlawful retaliatory conduct;

    k.    An award of pre-judgment and post-judgment interest;

    l.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Afanasyeva demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
August 1, 2019

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Milana Dostanitch
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Tel: 212.392.4772
Fax: 212.444.1030
doug@lipskylowe.com
milana@lipskylowe.com